IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. 20-CR-96-A

JONATHAN KEMP,

Defendant.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR PRETRIAL RELEASE**

The United States of America by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Brendan T. Cullinane, Assistant United States Attorney, hereby files its response in opposition to the defendant's motion for pretrial release. See Doc. No. 32. As described herein, the government respectfully requests that the Court deny the defendant's motion for pretrial release.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2020, this Court signed an arrest warrant to arrest the defendant pursuant to a criminal complaint. See Case No. 20-mj-112 at Doc. No. 1. On June 10, 2020, the Federal Bureau of Investigation arrested the defendant from a residence in Allegany County, New York; that same day, the defendant appeared before this Court for the initial appearance in this matter. See Minute Entry dated 06/10/2020. At the initial appearance, the government did not object to the defendant's release and the Court imposed conditions for the defendant's release. Id.

In particular, the Court ordered that the defendant "must obey and carry out and follow through with every reasonable directive given to you by the [U.S. P]robation [O]ffice." Transcript of June 10, 2020, Initial Appearance (referred to hereinafter as "Tr.") at 11. This Court warned the defendant that "should you fail to do that, that can result in your bail being revoked and your being locked up and kept locked up until this matter is completed." Id. at 11–12. The defendant confirmed that he understood the Court's directive. Id. at 12.

The Court further ordered, among other conditions, that the defendant:

- not "possess[ ] or hav[e] access to any weapons or weapons of mass destruction, ammunition, or any other type of dangerous devices";
- "report any contact you have with any police personnel for any reason whatsoever, be it something as minor as a vehicle and traffic stop or for any other reason, and that report must be made within 72 hours after that contact has occurred and it must be made to the United States Probation Office";
- "follow through and carry out and obey each and every term and condition that has been imposed upon you under your New York State probation terms and conditions";
- "attend . . . appropriate medical and mental counseling services as directed by the U.S. Probation Office"; and,
- not "hav[e] in your possession any narcotic drugs or narcotic substance even if they are considered legal under the laws of the United States[.]"

Tr. at 12 (line 10) – 13 (line 16). The defendant repeatedly stated that he understood the orders imposed by this Court. Tr. at 13 (lines 2 and 12) – 14 (line 1) ("The Defendant: Yes, sir").

Following the issuing of the above orders, this Court specifically again addressed the issue of the defendant using illegal drugs while on pretrial release. In particular, this Court

stated, "Needless to say but nevertheless necessary to say, you are not to have in your possession and you are not to use any illegal drug or substance; do you understand?" Tr. at 14 (lines 2–5). The defendant responded, "Yes, sir," therefore again demonstrating his understanding of this Court's orders. Id. at 14 (line 6). The Court further advised the defendant that he would be required to undergo drug testing. Id. at 14 (lines 11–15).

On July 7, 2020, a federal grand jury returned a two-count indictment against the defendant for violations of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2) (False Statement During Attempted Purchase of a Firearm) and Title 21, United States Code, Section 844(a) (Possession of Marijuana). See Doc. No. 1. On July 15, 2020, the parties appeared before this Court for the arraignment. See Minute Entry dated 07/15/2020. At that time, the "Court allowed [the] defendant to remain released on bail subject to terms and conditions of release previously imposed." Id.

On July 27, 2020, the Court signed an Order Setting Conditions of Release, which again, among other conditions, ordered the defendant to "[r]efrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802[.]" Doc. No. 9 at 2 at (8)(r). The Court ordered the defendant to "[p]articipate in a program of inpatient or outpatient substance abuse therapy and counseling approved by Pretrial Services." Id. at (8)(t). Finally, this Court ordered the defendant to abide by all conditions of supervision imposed by the Allegany County (NY) Probation Office as the result of the defendant's previous state conviction. Id. at (8)(w).

On November 6, 2020, the U.S. Probation Office submitted a Violation Report of Defendant Under Pretrial Supervision to the Court (referred to hereinafter as the "First Violation Report"). The report stated that "[s]ince the defendant's release in June 2020, he . . . tested positive for marijuana on six occasions (June 26th, July 14, August 21, and October 20, 2020)." Violation Report at 1. The report remarked that the defendant's continued use of marijuana was also a violation of the terms of his supervision with Allegany County. Id. at 1–2.

On November 24, 2020, the parties appeared before this Court for an initial appearance regarding the defendant's violation of the conditions imposed by this Court. See Minute Entry dated 11/24/2020. At that time, the government requested the Court impose a "zero tolerance" condition going forward; the "Court allowed [the] defendant to remain released on bail subject to terms and conditions of release previously imposed and imposed a zero tolerance condition." Id.

On February 1, 2021, the U.S. Probation Office submitted a Violation Report of Defendant Under Pretrial Supervision to the Court (referred to hereinafter as the "Second Violation Report"). The report stated that

> in November 2020, the defendant was referred for substance abuse treatment. On January 21, 2021, he was unsuccessfully discharge[d] for failure to attend. The defendant attended one session on November 12, 2020. However, he cancelled appointments on November 24th & December 9, 2020 and no showed on December 15, 2020 & January 20, 2021.

Second Violation Report at 1. The report continued, stating

> [o]n January 19, 2021, this officer texted the defendant instructing him to report on January 22, 2021 allowing enough time to arrange transportation. On January 22, 2021 at 4:37 p.m., the defendant reported having trouble receiving messages but stated

> he arranged transportation on Tuesday January 26, 2021. Based on a forecast of possibly inclement weather on January 26th, this officer instructed the defendant to report on Thursday, January 28th. On January 28th at 6:30 pm, the defendant texted that he was trying to find transportation. This officer has not heard from the defendant since that text conversation.

Second Violation Report at 2. The U.S. Probation Office added that both violations violated this Court's previously imposed "zero tolerance" condition. Id. Finally, the U.S. Probation Officer remarked that

> [t]his officer has made every effort to assist the defendant in remaining in compliance with court ordered conditions. It should be noted that the defendant has not been screened for illicit drug use based on COVID restrictions as well as the defendant not reporting as directed. This officer has concerns that the defendant has not discontinued drug use based on his noncompliance with treatment.

Id.

On February 11, 2021, the parties appeared before this Court for an initial appearance regarding the defendant's second violation report of the conditions imposed by this Court. See Minute Entry dated 02/11/2021. At that time, the government moved for the defendant's detention; the Court "granted government's motion, revoked defendant's bail and remanded him to the custody of the U.S. Marshals Service." Id.

On April 14, 2021, the defendant, through counsel, filed a motion for pretrial release. See Doc. No. 32. The defendant's motion, though, fails to address the previous opportunities this Court presented to the defendant to work with the U.S. Probation Office to address the defendant's need for counseling. Moreover, the defendant's motion fails to address the Court's previous imposition of "zero tolerance" for any additional violations, which the defendant subsequently flagrantly violated. Finally, the defendant's motion fails to address the defendant's underlying charged conduct, as described in the criminal complaint and

indictment, that is, allegations of threats against another and making false statements in an attempt to purchase a firearm.

As demonstrated herein, there are no conditions that can assure the defendant's return to court or the safety of the community upon his release. The government respectfully submits that the defendant's motion for pretrial release should be denied.

## II. ARGUMENT

### A. Governing Standards

A defendant shall be detained pending trial if the court finds that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community. See 18 U.S.C. § 3142(e)(1). The government carries the burden of persuasion by a preponderance of the evidence as to flight risk and by clear and convincing evidence as to dangerousness. See United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991); United States v. Chimurenga, 76 F.2d 400, 405 (2d Cir. 1985).

The court must consider the factors under § 3142(g), including the nature of the charged offense, the weight of the evidence, the defendant's history, and his danger to the community if released. Mercedes, 254 F.3d at 436. Charges which carry a high penalty can give rise to strong motives for flight and, accordingly, support pretrial detention. See Sabhnani, 493 F.3d at 76; see also United States v. Duranseau, 26 F.3d 804, 808 (8th Cir. 1994) (agreeing that offense punishable by up to ten years in prison constitutes a serious offense); United States v. Melguizo, 824 F.2d 370, 371 (5th Cir. 1987) ("We find that a

possible sentence of ten years is also sufficient indication that an offense is serious."). There is no formula for weighing these factors. Rather, a court must use the present information it has to make a risk assessment about whether conditions of release will reasonable assure the defendant's appearance as required and the safety of the community. It is not necessary for the government to prove both flight risk and danger to the community to warrant detention; however, in the present case, there is compelling evidence of both, all of which is detailed herein through an examination of each factor under § 3142(g).

The government now sets forth a further basis for the continuation of the defendant's detention and respectfully submits that the defendant's motion for pretrial release be denied.

**B. Nature of Charged Offense**

In this case, the defendant is charged with narcotics and firearm violations. In particular, the defendant is charged with violations of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2) (False Statement During Attempted Purchase of a Firearm) and Title 21, United States Code, Section 844(a) (Possession of Marijuana). See Doc. No. 1. As a result, the defendant faces a maximum term of imprisonment of ten years. See 18 U.S.C. § 924(a)(2).

The conduct detailed in the indictment describes the defendant's unlawful conduct between approximately May 27, 2020, and June 10, 2020. See Doc. No. 1. Specifically, on May 27, 2020, the defendant

> in connection with the attempted acquisition of a firearm . . . from Walmart Inc. . . . did knowingly make a false and fictitious written statement to Walmart Inc. . . . in that

> the defendant checked "No" in response to Question 11.e. on ATF Form 4473 which asked if he was "an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance."

Id. at 1. Additionally, on June 10, 2020, law enforcement arrested the defendant and found the defendant in possession of marijuana, as charged in Count 2 of the Indictment. Id. at 2.

As such, the defendant's unlawful conduct clearly falls within the language of the violations drafted in Title 18, United States Code, Sections 922(a)(6) and 924(a)(2) and Title 21, United States Code, Section 844(a). Based on the nature of the circumstances of this charged offense, the defendant should be detained pending further proceedings.

### C. Weight of the Evidence

The weight of the evidence against the defendant is robust and supports the violations of the federal statutes committed by the defendant.

On May 27, 2020, the defendant fraudulently completed an official government form, that is, ATF Form 4473, in support of his application to purchase a firearm from Walmart. The defendant signed his name in the box confirming that the information provided by him was true and accurate. The defendant, though, did not provide true and accurate information at that time. In particular, the defendant claimed that he was not a person who is "an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance." ATF Form 4473. In the defendant's post-Miranda interview, the defendant admitted to being a regular unlawful user of marijuana; he further acknowledged that he lied on this document submitted in support of his application for the purchase of a firearm from Walmart when he denied being a regular unlawful user of marijuana.

Furthermore, on June 10, 2020, when executing the arrest warrant of the arrest warrant signed in this case, law enforcement recovered an amount of marijuana from the defendant. This amount and possession of marijuana corroborates the defendant's false statements in an official government document designed to prevent the acquisition and possession of firearms by individuals engaged in the unlawful use of narcotics.

Based on the evidence in this case, including the defendant's signed ATF Form 4473, post-Miranda statements, and possession of marijuana, the weight of the evidence against this defendant is very strong. As such, the weight of the evidence in this case indicates that the defendant should be detained pending further proceeding in his case.

### D. Defendant's History and Characteristics

In making a determination as to whether a person should be held without bail, the Court should consider the history and characteristics of the defendant in determining whether they are a flight risk or pose a risk to the safety of the community, including:

> a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;
>
> b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence . . . .

18 U.S.C. § 3142(g). As demonstrated below, these factors continue to demonstrate that the Court should deny the defendant's motion for reconsideration of bail.

**a. The Defendant's Criminal History.**

The defendant's criminal history demonstrates that the defendant's motion for pretrial release should be denied and the defendant should remain in custody pending further proceedings in this matter.

In particular, on May 14, 2019, in New Hudson (NY) Town Court, the defendant entered a plea of guilty to Aggravated Harassment–2nd, a Class A misdemeanor, and received a sentence of two years probation. See Bail Report at 3–4. As a result, the defendant committed the instant federal offenses while on probation. Id. The defendant is also the subject of an order of protection issued against him as it relates to the victim in that case. Id. at 3.

As a result of the defendant's criminal history, the government submits that the defendant's motion for pretrial release should be denied.

**b. The Defendant's Inability to Abide by Orders Ordered by a Court or Probation Office.**

As previously described, since the charges were lodged against the defendant, the defendant has failed to abide by conditions imposed by this Court. Furthermore, the defendant has similarly failed to abide by terms imposed by the Allegany County Probation Office.

On November 6, 2020, the U.S. Probation Office reported that the defendant "tested positive for marijuana on six occasions[.]" First Violation Report at 1. The report remarked

that, apart from the defendant's violation of this Court's explicit (and repeated) order that the defendant not use any illegal drugs (see Tr. at 14 (lines 2–5)), the defendant's continued use of marijuana also violated the terms of his probation supervision with Allegany County. See First Violation Report at 1–2. On November 24, 2020, the Court permitted the defendant to remain released pending trial while also imposing a "zero tolerance" condition going forward. See Minute Entry dated 11/24/2020. This opportunity by the Court permitted the defendant to work with his U.S. Probation Officer regarding his continued violations, including drug use and failure to attend counseling.

However, on February 1, 2021, the U.S. Probation Office submitted the Second Violation Report, which described the defendant's discharge from substance abuse treatment counseling as the result of his failure to attend (by both cancelling appointments and "no show[ing]" at scheduled appointments). See Second Violation Report at 1. The report described the defendant's seeming refusal or inability to communicate with his U.S. Probation Officer, who added that she "made every effort to assist the defendant in remaining in compliance with court ordered conditions," but to no avail. Id. at 2.

The defendant, through counsel, submits that the defendant, while incarcerated, has completed a Substance Abuse Group Program at Allegany County Jail. See Doc. No. 32 at 2. The defendant, though, fails to acknowledge that the defendant's detention, as ordered by this Court following the defendant's ability to abide by conditions, helped to facilitate this step toward sobriety.

During the time that the defendant was released pursuant to the Court's orders, the defendant repeatedly violated the Court's orders. On November 24, 2020, this Court benevolently provided the defendant an additional opportunity to work with his probation officers to maintain sobriety, attend counseling, and communicate with his probation officers about employment and any other challenges. However, the defendant failed to do that and, on February 11, 2021, the Court granted the government's motion to detain the defendant.

While the government acknowledges that the defendant's completion of the group program is beneficial to the defendant's recovery, the government also notes that the defendant is, apparently, while in custody, finally maintaining sobriety and attending counseling – all of which the Court previously ordered the defendant to do. The government strongly urges the Court not to disturb or interrupt this positive direction for the defendant, particularly in light of his demonstrated inability to follow the Court's orders. Finally, the government notes that, notwithstanding a Guidelines sentence, the defendant, if convicted, faces a maximum term of imprisonment of ten years. See 18 U.S.C. § 924(a)(2).

Based upon the defendant's repeated failures to abide by conditions imposed by this Court, the government respectfully submits that the Court should deny the defendant's motion for pretrial release.

**c. The Defendant's Habitual Use of a Controlled Substance.**

The defendant's admitted use of a controlled substance demonstrates that the motion for pretrial release should be denied. The defendant is charged with violations of Title 18,

United States Code, Sections 922(a)(6) and 924(a)(2) (False Statement During Attempted Purchase of a Firearm) as well as Title 21, United States Code, Section 844(a) (Possession of Marijuana). See Doc. No. 1. In both instances, the defendant's use of a federally controlled substance has resulted in the defendant being indicted on two separate counts by a federal grand jury. Id. The defendant described his regular marijuana use as approximately "every two weeks." See Bail Report at 3. Regardless of how often the defendant uses marijuana, the defendant lied about his habitual use of marijuana when he completed the ATF Form 4473 on May 27, 2020, when he denied being a user of marijuana. See Doc. No. 1. Therefore, the defendant's actions on May 27, 2020, that is, affirmatively lying on a government form, demonstrate that the defendant knew and understood that his marijuana habit was problematic and would prevent him from obtaining a firearm. The defendant's history of making false statements is similarly consistent with the defendant's repeated violations while under supervision by the U.S. Probation Office.

Finally, as previously addressed herein, the defendant, even after the Court advised the defendant to avoid controlled substances, tested positive for marijuana on six occasions. The defendant's addiction, regardless of how often he describes the frequency of his use, has demonstrated that his dependence on a controlled substance has prevented him from complying with this Court's orders. Id. Therefore, the defendant's motion should be denied.

**d. Conclusion**

In this case, as described herein, the defendant has a conviction for harassment and is charged with a firearm and a controlled substance violation, both of which occurred while the

defendant served a term of probation for his New York State conviction. The defendant has a habitual history of abusing marijuana, which precipitated the defendant's unlawful May 27, 2020, making of a false statement in his application to acquire a firearm. Finally, the defendant has demonstrated an inability to comply with orders issued by this Court, as he repeatedly used narcotics and failed to attend substance abuse treatment.

The defendant's background and personal characteristics indicate that he is at risk for nonappearance and therefore should be detained pending further proceedings. The government submits that, based upon the factors and information described herein, the defendant's motion for pretrial release should be denied.

**E. <u>Nature and Seriousness of the Danger to Any Person or the Community</u>**

The defendant has demonstrated that he is a serious danger to the community. Congress has determined that persons who are unlawful users of controlled substances are persons who are prohibited from acquiring firearms. <u>See</u> 18 U.S.C. § 922(g)(3). In an effort to prevent these prohibited persons from acquiring firearms, a person is required, at the time of an attempt to purchase a firearm, to complete an ATF Form 4473. <u>See</u> 18 U.S.C. § 923; <u>see also</u> 27 C.F.R. § 478.124.

In this case, on May 27, 2020, the defendant attempted to circumvent Congress's intent to stop a person like the defendant, who is a regular and habitual use of a controlled substance, from purchasing a firearm by making a false statement on the ATF Form 4473. At that time, the defendant was also on probation as a result of his conviction for harassment of an

individual. The defendant's unlawful attempt to possession of firearm demonstrates that the defendant poses a potential danger to others in the community.

As a result, the government submits that the Court deny the defendant's motion for pretrial release.

## CONCLUSION

For the foregoing reasons, the defendant, if released, poses a serious risk of flight and a danger to the community. Therefore, the Court is respectfully requested to deny the defendant's motion for pretrial release.

DATED: Buffalo, New York, April 21, 2021.

JAMES P. KENNEDY, JR.
United States Attorney

BY: s/BRENDAN T. CULLINANE
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5875
Brendan.Cullinane@usdoj.gov